Luis Berrios **AMADEO, Plaintiff,**

v.

**MOBIL OIL CARIBE, INC., Defendant.**

Civ. No. 84–2555 (JAF).

United States District Court, D. Puerto Rico.

Aug. 27, 1986.

Eduardo Castillo-Blanco, Hato Rey, P.R., for plaintiff.

José A. Axtmayer, Ferraiuoli, Axtmayer & Hertell, Hato Rey, P.R., for defendant.

## MEMORANDUM OPINION AND JUDGMENT

FUSTE, District Judge.

This case relates to a civil suit for breach of contract under the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. secs. 2801–2841. The essential facts are not disputed.[1] Plaintiff, Luis Berrios-Amadeo, is an attorney-at-law (Plaintiff). Plaintiff initiated this suit for damages claiming that defendant Mobil Oil Caribe, Inc. (Mobil) had breached certain contractual obligation and, thus, infringed the PMPA.

The record shows that on September 15, 1982, plaintiff and Mobil entered into a lease agreement, whereby plaintiff was authorized to occupy and operate a Mobil gasoline station located in Guaynabo, Puerto Rico. The agreement, in letter format, was for the operation of a "Trial Franchise" with a one-year duration, beginning October 1, 1982. *See* 15 U.S.C. sec. 2803. The agreement did not contain a provision for renewal of the lease. Paragraph four of the agreement indicates the intent of the parties to have the letter agreement be the contract until a subsequent formal document was executed. Although a formal lease contract was subsequently tendered to plaintiff, neither party ever signed the same. Plaintiff acknowledges receipt of this document. Paragraph four of the tendered contract refers to the existence of an underlying lease between defendant Mobil and the owner of the real estate where the gasoline station is located.

When the lease between plaintiff and Mobil expired in October 1983, Mobil informed plaintiff that it was conducting negotiations with Andrés Guerra-Mondragón, the owner of the property for the renewal of the underlying lease that was due to expire on May 15, 1984. As Mobil could not guarantee the outcome of these negotiations, it was unable to enter into another lease for a full year with plaintiff. Plaintiff continued to occupy the gas station on a month-to-month basis. On May 2, 1984, the landowner and Mobil's principal, Mr. Guerra-Mondragón, chose to exercise his option to claim back the property. Mr. Guerra-Mondragón wrote to Mobil giving notice of his intent to do so. Mobil was given thirty days to vacate. On May 29, 1984, Mobil, in turn, gave plaintiff thirty days to vacate the premises. In so doing, Mobil made plaintiff aware of the fact that the underlying lease had expired and that Mobil had to vacate. Plaintiff vacated the service station on June 8, 1984.

Although the underlying lease is mentioned in the proposed lease contract that Mobil had tendered to plaintiff, said party denies that he had any knowledge of the underlying lease before October 1983. This, however, is irrelevant for, even if plaintiff first learned of the lease in October of 1983, said knowledge was gained prior to the commencement of the month-to-month tenancy. The notice-of-termination requirements of 15 U.S.C. sec. 2802 were met. Plaintiff was also informed in October 1983 that the underlying lease was likely to expire in May 1984. Thus, plaintiff was aware of the particulars protected by section 2802, even though notice was not reduced to writing. Plaintiff had actual knowledge of the required information. We are not prepared to elevate form over substance. This is unnecessary and serves no protected purpose under the circumstances.

### Notice of Termination

■ The general rule under 15 U.S.C. Sec. 2804(a) (1982) is that notice of termination must be given ninety days prior to termination. Notice of less than ninety days is permitted if reasonable under the circumstances. 15 U.S.C. sec. 2804(b) (1982). When less than ninety days' notice is given, it must be done as early as practicable. Plaintiff was informed in October

---

1. Summary judgment shall issue when there is no controversy as to material facts. *See* Fed.R. Civ.P. 56 and C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* sec. 2725, at 75–

112 (1983). *Hahn v. Sergeant,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

1983 that the underlying lease renewal was under negotiation. He kept the gas station under a month-to-month lease, with the hope that Mobil's negotiations with the third party would be successful. When negotiations failed, Mobil was notified, on May 2, 1984, that it had thirty days to vacate the property. On May 29, Mobil gave plaintiff until June 30 to vacate the premises. As plaintiff had knowledge since at least October 1983 that the underlying lease might not be renewed, and since Mobil had been given notice to vacate shortly before, thirty days' notice was reasonable under the specific circumstances of this case.

### The Need of a Summary Statement

Section 2804 also requires that a summary statement prepared by the Secretary of Energy and containing the responsibilities, remedies, and relief available under the PMPA be included in the notice of termination. 15 U.S.C. sec. 2804 (1982). The court, in *Martin v. Texaco, Inc.*, 602 F.Supp. 60 (N.D.Fla.1985), addressed the significance of the failure to supply a summary statement. There, the court found that notice that was otherwise valid was not rendered meaningless by the lack of a summary statement. *Martin*, 602 F.Supp. at 61. An otherwise proper notice will not be rendered invalid for failure to include a summary statement. The original trial franchise agreement between plaintiff and defendant included a reference to the PMPA, and there is no indication that plaintiff was prejudiced by the lack of a summary statement.

### Expectancy of Profits

■ Plaintiff alleges in his complaint that he entered into the franchise agreement with the expectation of "realizing considerable profits in the operation" of a franchise "on a long-term basis" (paragraph 4 of plaintiff's complaint). However, the agreement he entered into was a one-year trial franchise agreement with no clause for renewal. When plaintiff was informed in October 1983 that the underlying lease might not be renewed, he continued to invest time and money in the hope that negotiations would conclude in his fa-

vor. The PMPA is designed to protect "franchisees from arbitrary or discriminatory termination or nonrenewal of their franchises," S.Rep. No. 731, 95th Cong. 2d sess. 15, *reprinted in* 1978 U.S. Code Cong. & Ad. News 873, 874, and to equalize the bargaining power between the parties. *Id.* at 17. However, franchisees cannot rely on the PMPA as an absolute guarantee of long-term profits. Franchisors are entitled to terminate a franchise relationship under some circumstances. Expiration of an underlying lease is one of those enumerated circumstances. Plaintiff had notice of the underlying lease and reasonable notice of the termination of the franchise.

The motion for summary judgment is hereby GRANTED. Fed.R.Civ.P. 56. Judgment is hereby entered dismissing the complaint.

IT IS SO ORDERED.